993 So.2d 292 (2008)
Raymond Julius WILDE, Jr. and Lynn Marie Bercegeay Wilde, each individually and as Members of Community of Acquets and Gains Existing Between Them
v.
Thomas R. HARRELL, ACME Truck Line, Inc., Zurich American Insurance Company and Progressive Security Insurance Company.
No. 08-CA-187.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 2008.
*293 Steven P. Lemoine, Robert H. Schmolke, Attorneys at Law, Baton Rouge, LA, for Plaintiff/Appellants.
Shelly D. Dick, Amanda G. Clark, Gregory P. Aycock, Amy E. Newsom, Attorneys at Law, Baton Rouge, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Raymond Wilde, Jr. and his wife Lynn Wilde, plaintiffs-appellants, from a judgment dismissing their suit against the Louisiana Department of Public Safety, defendant-appellee, for damages arising out of an automobile accident. For the following reasons, we affirm that judgment.
The facts relating to the Department of Public safety are not in dispute. On the evening of May 12, 2001, Louisiana State Trooper Jeffery Holley was dispatched to the scene of a disabled school bus on the shoulder of the westbound lanes of I-10 in St. James Parish. When he arrived a St. James Parish deputy was already at the scene. The deputy told Holley that another bus was en route to pick up the children, and that a tow truck was also on the way. The children were picked up without incident and the tow truck arrived shortly thereafter. The rear axle of the bus was damaged and the tow driver stated that he would have to tow it from the rear. He further stated that to do this both lanes of the interstate would have to be closed temporarily.
Trooper Holley testified that the bus was on the shoulder about one foot from the white fog line. He stated that in his opinion the position of the bus so close to the traveled right lane was a serious hazard, and so he decided to close the road so the bus could be removed. He crossed the median, drove east for a distance, re-crossed the median, and began driving west back to the bus. At that point he put on his emergency lights and began driving in a serpentine pattern while gradually slowing down. Motorist responded appropriately and by the time he reached the bus and parked his unit across the two traveled lanes, the light traffic had come to a stop. The tow truck driver then began hooking up the bus. After a few minutes, Holley said he heard what sounded to him like a minor collision at the end of the stopped traffic, perhaps 200 yards from his unit. When he went to investigate he discovered that there had been a four car accident.
The details of this accident are obscure at best. Plaintiffs were riding in a white Jeep; Thomas Harrell was driving a Dodge van and pulling a utility trailer; a Mr. Brown was in a white Dodge; and a Mr. Acock was in a red Ford Escort. Neither of the plaintiffs had any recollection of the incident. Brown and Acock were also unsure of exactly what happened. Harrell was traveling in the right lane and said that he saw lights coming up behind him right before impact with the Jeep.
The most helpful testimony on this point was that of State Trooper Marcus Smith who arrived on the scene shortly after the accident had occurred. He said that he got conflicting information from various *294 witnesses. However, judging from the various skid marks, the damage to the vehicles and their final resting places, he gave the following scenario. Harrell was in the right lane when he was overtaken by the Jeep. The Jeep then changed lanes right in front of Harrell and either struck Harrell's van or was struck by it on the left rear bumper. The Jeep then spun clockwise, went off onto the shoulder and overturned. Harrell's van continued in a straight line and eventually collided with the rear of the stopped Dodge which in turn struck the Ford Escort in front of it.
In the ensuing lawsuit the Wildes named the Louisiana Department of Public Safety as a defendant alleging that Trooper Holley was negligent in closing the highway to remove the bus. This was the only remaining defendant when the matter was finally tried to a judge. The judge ruled in favor of the Department and this appeal followed.
The law applicable to this case is set forth in Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173. The facts of that case are almost indistinguishable from those presented here. There a state trooper was confronted with a disabled car on the shoulder of the raised portion of I-10 over the Atchafalaya swamp. The trooper parked his unit on the shoulder about 150 feet before the car. A tow truck arrived, and the driver told the trooper that he would have to close both lanes of traffic so that the car could be hooked up. The trooper then proceeded on foot into the traveled lanes with a red coned flashlight. He was able to stop traffic in both lanes without incident, and the tow truck driver proceeded to hook up the car. However, an eighteen wheel truck which came upon the stopped traffic failed to stop and crashed into the stopped cars in the right lane.
Plaintiffs sued the State and the trooper alleging that he was negligent for stopping traffic in the way that he did. Specifically, it was asserted that by leaving his unit on the right shoulder, instead of across the traveled lanes of the highway, he gave oncoming motorists the impression that there were no obstructions in those lanes. It was also asserted that he should have set out flares in the traveled lanes as a further precaution. On these facts the court held in a 4-3 decision that the trooper was not negligent and that the sole cause of the accident was the failure of the truck to stop. It is noteworthy that at least two of the dissenting justices noted that had the trooper placed his unit across the traveled lanes or alternatively put out flares, they too would have exonerated the trooper.
In the present case the only distinctions that can be made are 1) that Syrie involved an elevated, rather than a ground level, highway, and 2) that here the trooper placed his unit across the traveled lanes (as suggested would be proper in the dissenting opinions), rather than on the shoulder. We do not find the first factor sufficient to produce a different result, and the second only lends more weight to the correctness of the judgment in favor of the State.
In Syrie the court first reiterated the long standing rule that a finding of fault is a factual issue subject to the manifest error standard of review. It next noted that the duty-risk analysis first requires a finding as to the duty of police officers. In that regard the court pointed out that this duty is to do what is reasonable under the circumstances. It further explained that this "duty to act reasonably under the circumstances does not extend so far as to require that the officer always choose the `best' or even a `better' method of approach." Syrie, supra, at 1177.
*295 In the present case the trooper testified that in his opinion a school bus one foot past the fog line on an interstate highway constituted a serious hazard. He consulted with the tow truck driver as to how best to remove it, and decided that a brief closure of both lanes would be appropriate. He executed the proper movements to stop traffic, did so without incident, and left his unit across the traveled lanes with the emergency lights on. Traffic backed up at least 200 feet, showing that the trooper's measures were adequate to warn oncoming traffic of the closure. Plaintiffs presented expert testimony to the effect that the bus could have been moved to a position well off the shoulder without closing the traffic lanes. This evidence at best established that there might have been other ways to deal with the problem, not that the means actually employed were unreasonable. Moreover, the trier of fact determined that Trooper Holley acted reasonably, and on the evidence of record we are unable to say that this factual determination was manifestly erroneous. We must therefore affirm that finding.
For the foregoing reasons, the judgment of the trial court dismissing this action against the Louisiana Department of Public Safety is hereby affirmed.
AFFIRMED.